UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MEDICAL IMAGING SOLUTIONS GROUP, INC. CA 05 007

v. C.A. NO.:

A&E IMAGING, INC.,
ORTHOPAEDIC ASSOCIATES, INC. and
A. LOUIS MARIORENZI

COMPLAINT

1. Plaintiff Medical Imaging Solutions Group, Inc. ("MIS") is a corporation registered in the State of Georgia, with a principal place of business located at 229 Arnold Mill Road, Woodstock, Georgia.

2. Defendant A&E Imaging, Inc.("A&E") is a Maryland corporation with a principal place of business located at 9526 Westwood Drive, Ellicott City, Maryland

3. Defendant Orthopaedic Associates, Inc. is a Rhode Island corporation with a principal place of business located at 725 Reservoir Avenue, Suite 101, Cranston, Rhode Island.

4. Defendant A. Louis Mariorenzi ("Dr. Mariorenzi") is a physician who is employed by Orthopaedic Associates, Inc.

5. Defendants A&E, Orthopaedic Associates, Inc., and Dr. Mariorenzi have sufficient minimum contacts with the State of Rhode Island so as to give this court jurisdiction over these Defendants.

6. This court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of jurisdiction between the parties and the amount in controversy exceeds the sum of $75,000.00.

FACTS

7. MIS is in the business of sales and service of medical imaging equipment, and is one of the largest direct purchasers for used MRI and CT equipment in the United States.

8. On or about January 9, 2003, MIS entered into a contract with A&E to install certain medical imaging equipment known as a Siemens Open Viva system and to provide one day of in-service training on the system.

9. The system was to be installed at the office of Orthopaedic Associates, Inc.

10. The contract set a certain fee for the installation and training, but provided that problems such as a non-functioning system, lack of site preparation, or delays caused by anyone other than MIS will be the responsibility of A&E.

11. The contract provided that MIS would assist with these problems at additional cost to A&E. Billable services would by charged at MIS's hourly rate plus expenses of travel.

12. Problems were encountered in the installation of the system.

13. MIS engineers traveled to Orthopaedic Associates, Inc., on several occasions to attempt to address the problems encountered with the proper functioning of the system.

14. While troubleshooting the problems, the MIS engineer discovered that certain magnetic plates in the system were cracked.

15. MIS discussed this finding with both A&E and Dr. Mariorenzi.

16. It was decided that MIS would replace the damaged plates with plates which belonged to MIS, and that MIS would be reimbursed for the value of its replacement plates.

17. The new plates were shipped and installed, but the problems persisted.

18. The MIS engineer determined that the floor upon which the system was located did not meet specifications. MIS offered to verify these findings, at its own expense, by a representative of Siemens, the manufacturer of the system.

19. After discussion about this finding with A&E and Dr. Mariorenzi, the MIS engineer was informed that MIS's services were no longer welcome, and its offer to have Siemens inspect the system, was declined.

20. MIS made arrangements for return of its equipment. However, Dr. Mariorenzi and/or Orthopaedic associates refused return of MIS's plates.

21. To date MIS's plates remain in the system located at Orthopaedic Associates, Inc.

22. Despite requests for payment, A&E has refused to reimburse MIS for its costs for service, travel, and other expenses as set forth in the contract.

COUNT I
Breach of Contract

23. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 22 as set forth fully herein.

24. A&E's failure to pay MIS for the services provided and expenses incurred as contracted to between the parties constitutes a breach of contract.

COUNT II
Unjust Enrichment

25. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 24 as set forth fully herein.

26. Orthopaedic Associates, Inc. and/or Dr Mariorenzi's retention of Plaintiff's plates despite its agreement to pay for same, and further despite Plaintiff's repeated requests for their return constitutes unjust enrichment.

27. There is no justifiable reason of fact or law for Orthopaedic Associates, Inc. and/or Dr. Mariorenzi to have refused return of Plaintiff's plates, after refusing to pay for said plates, and after repeated requests for their return by MIS.

WHEREFORE, Plaintiff MEDICAL IMAGING SOLUTIONS GROUP, INC., respectfully demands

1. Judgment against the Defendants

2. Compensatory damages in an amount to be determined at trial and sufficient to confer judgment upon this Honorable Court;

3. Specific performance for return of Plaintiff's property;

4. Costs, including but not limited to reasonable attorney's fees, and expenses; and

5. Such other relief as this Honorable Court deems just and proper.

\

MEDICAL IMAGING SOLUTIONS GROUP, INC.
By its Attorneys
BLISH & CAVANAGH

Thomas E. Romano, #5425
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900 (phone)
(401) 490-7640 (fax)