UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MEDICAL IMAGING SOLUTIONS GROUP, INC.<br>Plaintiff | ) | |
| v. | ) | C.A. No. 05-07S |
| A&E IMAGING, INC., ET AL.<br>Defendants. | ) | |

PLAINTIFF'S MOTION TO AMEND COMPLAINT

Now comes the Plaintiff, Medical Imaging Solutions Group, Inc., ("MIS") and pursuant to F.R.C.P. 15 hereby moves to Amend its Complaint to conform more fully to the facts as alleged. As grounds for this motion, Plaintiff relies on the Memorandum of Law accompanied herewith.

Respectfully submitted,
MEDICAL IMAGING SOLUTIONS GROUP, INC.
By its Attorneys,
BLISH & CAVANAGH

Thomas E. Romano, #5425
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900 (phone)
(401) 490-7640 (fax)



8

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2005, a true copy of the within document was forwarded by U.S. mail, postage prepaid, to counsel of record, as follows:

John L. Vallone, Esq.
876 Main Street
East Greenwich, RI 02818

Susan J. Mybacci

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MEDICAL IMAGING SOLUTIONS GROUP, INC.<br>Plaintiff | ) | |
| v. | ) | C.A. No. 05-07S |
| A&E IMAGING, INC., ET AL.<br>Defendants. | ) | |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND COMPLAINT

Now comes the Plaintiff, Medical Imaging Solutions Group, Inc., ("MIS") and pursuant to F.R.C.P. 15 hereby moves to Amend its Complaint to conform more fully to the facts as alleged. No additional parties or counts are being added. Rather, both Counts I and II are being modified to reflect that all of the services and goods provided to all Defendants are the subject of the claim for breach of contract against A&E Imaging, Inc., and the claim of unjust enrichment against Defendants Orthopaedic Associates Inc., and A. Louis Mariorenzi. Upon review of the Complaint, it is apparent that the two counts separate services rendered and materials provided between the Defendants. Pursuant to the contract underlying this action, all additional parts and services rendered beyond the original terms of the contract, are chargeable to the customer at MIS's hourly rate. See attached Exhibit "A." Therefore, all chargeable items referenced in both Counts I and II are recoverable where the contract is breached. For this reason it is requested that Count I be amended to include both services rendered and parts supplied as set forth in the statement of facts in the Complaint.

Similarly, the facts as set forth in the Complaint indicate that Defendants Orthopaedic Associates Inc. and A. Louis Mariorenzi were the recipients of, and benefitted by both services rendered and parts supplied by MIS. To maintain a claim for unjust enrichment, a party has to prove that "(1) a benefit has been conferred upon another party, (2) that party appreciated the benefit, and (3) that party accepted the benefit in a manner in which it would be inequitable to retain that benefit without paying for it." Rhode Island Board of Correctional Officers v. Rhode Island, 264 F.Supp.2d 87, 104-105 (D.R.I. 2003). Facts have been alleged in the Complaint which, if proven, would support each of these elements for both goods provided and services rendered. No new additional counts or facts are being alleged.

According to F.R.C.P. 15, a pleading may be amended by leave of court, "and leave shall be freely given when justice so requires." There is a strong policy embodied in the Federal Rules of Civil Procedure favoring the liberality of amendment. Borden Inc., v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (C.A.11 Fla 1985). Justice requires leave to amend a pleading when the moving party has at least colorable grounds for the proposed amendment. Litton Industries, Inc., v. Lehman Bros. Khun Loeb, Inc., 734 F.Supp. 1071, 1078 (S.D.N.Y. 1990). As a general rule, amendments are favored in order to facilitate a proper decision on the merits. Fustock v. Conticommodity Services, Inc., 103 F.R.D. 601, 604 (D.C.N.Y. 1984). Reasons for denying an amendment include undue delay, bad faith, or dilatory motive on the part of the moving party. Litton Industries, 734 F.Supp at 1078. Mere delay, however, is not a reason for denial of the request to amend, without a concomitant showing of undue prejudice or bad faith. Id.

These reasons are not applicable here. Therefore, the Plaintiff prays that its Motion to Amend its Complaint be granted and that the Amended Complaint be allowed in the form attached hereto.

Respectfully submitted,
MEDICAL IMAGING SOLUTIONS GROUP, INC.
By its Attorneys,
BLISH & CAVANAGH

Thomas E. Romano, #5425
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900 (phone)
(401) 490-7640 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2005, a true copy of the within document was forwarded by U.S. mail, postage prepaid, to counsel of record, as follows:

John L. Vallone, Esq.
876 Main Street
East Greenwich, RI 02818

Susan J. Migliacci

14:35 401943312[illegible] PAGE 01/01

3 16:30 FAX 7705928491 MIS

770 - 592 -
9491

"A"

# MIS

Medical Imaging Solutions Group, Inc.
100 Arnold Mill Way, Suite B, Woodstock, CA 30188 Phone: 770-592-9191 Fax: 770-592-9491

A &E Imaging, Inc.
9526 Westwood Drive
Ellicott City, MD 21042
Ed Palmer

## CONTRACT

## INSTALLATION OF SIEMENS OPEN VIVA
Location: Craston, RI

Terms:

- MIS Will Provide one FSE For the installation of the Siemens Open Viva System and one-day of in-service training by MIS Applications Specialist for a Sum of $33,000.00.
- MIS Will Shim System and Provide All Tools And Test Equipment Necessary for the Shim.
- Customer Will Pay 90% ($29,700.00) by priority overnight or wire-transfer to arrive [redacted] AM and the 10% ($3,300.00) balance due at the time of Applications. MIS will provide Wire-Transfer information. The 90% Payment must be received on 01-07-03 prior to engineer arriving on site 01-08-02.
- Customer Will Be Responsible For All Site Preparation and Electrical Hookup.

ASAP 02/12/03

However, any delays due to non-functioning components of the system, lack of site preparation or delays caused by sub-contractors / contractors or anyone other than MIS engineers will be the customers responsibility and all additional charges associated with the delays.

MIS will assist the customer in the event of a non-functioning system by providing the troubleshooting. MIS will provide troubleshooting services and spare parts as needed at an additional cost to the customer. All billable services will be charged at MIS's Current Hourly Rate plus expenses of travel (Lodging, Meals, Transportation, Phone, etc.)

A & E Imaging, Inc.

By: ______________________ **P.O. # 01060301**
Ed Palmer

Medical Imaging Solutions

By: ______________________
Arnold Bates

"B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MEDICAL IMAGING SOLUTIONS GROUP, INC.

v. C.A. NO.: 05-07S

A&E IMAGING, INC.,
ORTHOPAEDIC ASSOCIATES, INC. and
A. LOUIS MARIORENZI

AMENDED COMPLAINT

1. Plaintiff Medical Imaging Solutions Group, Inc. ("MIS") is a corporation registered in the State of Georgia, with a principal place of business located at 229 Arnold Mill Road, Woodstock, Georgia.

2. Defendant A&E Imaging, Inc.("A&E") is a Maryland corporation with a principal place of business located at 9526 Westwood Drive, Ellicott City, Maryland

3. Defendant Orthopaedic Associates, Inc. is a Rhode Island corporation with a principal place of business located at 725 Reservoir Avenue, Suite 101, Cranston, Rhode Island.

4. Defendant A. Louis Mariorenzi ("Dr. Mariorenzi") is a physician who is employed by Orthopaedic Associates, Inc.

5. Defendants A&E, Orthopaedic Associates, Inc., and Dr. Mariorenzi have sufficient minimum contacts with the State of Rhode Island so as to give this court jurisdiction over these Defendants.

6. This court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of jurisdiction between the parties and the amount in controversy exceeds the sum of $75,000.00.

FACTS

7. MIS is in the business of sales and service of medical imaging equipment, and is one of the largest direct purchasers for used MRI and CT equipment in the United States.

8. On or about January 9, 2003, MIS entered into a contract with A&E to install certain medical imaging equipment known as a Siemens Open Viva system and to provide one day of in-service training on the system.

9. The system was to be installed at the office of Orthopaedic Associates, Inc.

10. The contract set a certain fee for the installation and training, but provided that problems such as a non-functioning system, lack of site preparation, or delays caused by anyone other than MIS will be the responsibility of A&E.

11. The contract provided that MIS would assist with these problems at additional cost to A&E. Billable services would by charged at MIS's hourly rate plus expenses of travel.

12. Problems were encountered in the installation of the system.

13. MIS engineers traveled to Orthopaedic Associates, Inc., on several occasions to attempt to address the problems encountered with the proper functioning of the system.

14. While troubleshooting the problems, the MIS engineer discovered that certain magnetic plates in the system were cracked.

15. MIS discussed this finding with both A&E and Dr. Mariorenzi.

16. It was decided that MIS would replace the damaged plates with plates which belonged to MIS, and that MIS would be reimbursed for the value of its replacement plates.

17. The new plates were shipped and installed, but the problems persisted.

18. The MIS engineer determined that the floor upon which the system was located did not meet specifications. MIS offered to verify these findings, at its own expense, by a representative of Siemens, the manufacturer of the system.

19. After discussion about this finding with A&E and Dr. Mariorenzi, the MIS engineer was informed that MIS's services were no longer welcome, and its offer to have Siemens inspect the system, was declined.

20. MIS made arrangements for return of its equipment. However, Dr. Mariorenzi and/or Orthopaedic associates refused return of MIS's plates.

21. To date MIS's plates remain in the system located at Orthopaedic Associates, Inc.

22. Despite requests for payment, A&E has refused to reimburse MIS for its costs for service, travel, and other expenses as set forth in the contract.

COUNT I
Breach of Contract

23. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 22 as set forth fully herein.

24. A&E's failure to pay MIS for the services and materials provided and expenses incurred as contracted to between the parties constitutes a breach of contract.

COUNT II
Unjust Enrichment

25. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 24 as set forth fully herein.

26. Orthopaedic Associates, Inc. and/or Dr Mariorenzi's receipt of the benefit of Plaintiff's services, and the retention of Plaintiff's plates despite Plaintiff's repeated requests for their return constitutes unjust enrichment.

27. There is no justifiable reason of fact or law for Orthopaedic Associates, Inc. and/or Dr. Mariorenzi to have refused return of Plaintiff's plates, after refusing to pay for said plates, and after repeated requests for their return by MIS.

WHEREFORE, Plaintiff MEDICAL IMAGING SOLUTIONS GROUP, INC., respectfully demands

1. Judgment against the Defendants

2. Compensatory damages in an amount to be determined at trial and sufficient to confer judgment upon this Honorable Court;

3. Specific performance for return of Plaintiff's property;

4. Costs, including but not limited to reasonable attorney's fees, and expenses; and

5. Such other relief as this Honorable Court deems just and proper.

MEDICAL IMAGING SOLUTIONS GROUP, INC.
By its Attorneys
BLISH & CAVANAGH

Thomas E. Romano, #5425
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900 (phone)
(401) 490-7640 (fax)